COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

May 7, 2015

Stephen P. Lamb, Esquire
Meghan M. Dougherty, Esquire
Paul, Weiss, Rifkind, Wharton
   & Garrison LLP
500 Delaware Avenue, Suite 200
Wilmington, DE 19801

Kevin G. Abrams, Esquire
J. Peter Shindel, Jr., Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19801

Joel Friedlander, Esquire
Benjamin P. Chapple, Esquire
Friedlander & Gorris, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Re: *The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
C.A. No. 7668-VCN
Date Submitted: May 1, 2015

Dear Counsel:

Plaintiff The Renco Group, Inc. ("Renco") has moved for reconsideration of

the Court's Letter Opinion[1] which denied Renco's application for certification of

---

[1] *Renco Gp., Inc. v. MacAndrews AMG Hldgs. LLC*, 2015 WL 1830476 (Del. Ch. Apr. 20, 2015) (the "Letter Opinion").

interlocutory appeal from the Court's Order and Memorandum Opinion[2] granting in part the Defendants' Motion to Dismiss.[3]

The debate focuses on certain fiduciary duty claims and aiding and abetting breach of fiduciary duty claims that the Court dismissed. In denying Renco's application for certification of an interlocutory appeal, the Court arguably overstated the similarities between the Opinion and an earlier decision regarding comparable claims of the Nominal Defendant here.[4] Regardless of the Court's view of the relationship between the two actions, other grounds for rejection of the interlocutory appeal were set forth, such as that an interlocutory appeal is extraordinary and that an interlocutory appeal would not resolve the litigation.

A motion for reargument under Court of Chancery Rule 59(f) requires the moving party to "demonstrate either that the Court overlooked a controlling

---

[2] *Renco Gp., Inc. v. MacAndrews AMG Hldgs. LLC*, 2015 WL 394011 (Del. Ch. Jan. 29, 2015) (the "Opinion").

[3] The Supreme Court has rejected Renco's interlocutory appeal effort. *Renco Gp., Inc. v. MacAndrews AMG Hldgs. LLC*, 2015 WL 2019387 (Del. Apr. 30, 2015). Perhaps that was the end of any interlocutory appeal of the Opinion and its implementing order, but the Court will, nonetheless, address Renco's motion.

[4] *AM General Hldgs. LLC v. Renco Gp., Inc.*, 2013 WL 5863010 (Del. Ch. Oct. 31, 2013).

decision or principle of law that would have a controlling effect, or the Court misapprehended the facts or the law such that the outcome of the decision would be different."[5] Thus, even if the Court misapprehended the similarities between the legal theories advanced by the parties in the two actions, the outcome would not have been different and, therefore, Renco's motion for reconsideration of the Letter Opinion is denied.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:    Thad J. Bracegirdle, Esquire
         Register in Chancery-K

---

[5] *Carlyle Inv. Mgmt., LLC v. Moonmouth Co., S.A.*, 2014 WL 4104702, at *2 (Del. Ch. Aug. 21, 2014).